NATIONAL UNION FIRE INSURANCE COMPANY *v.* SCHOOL DISTRICT NO. 55.

Opinion delivered January 31, 1916.

1. INSURANCE—DELAY IN PASSING UPON APPLICATION—LIABILITY FOR LOSS.—Mere delay in passing upon an application for insurance can not be construed as an acceptance of such application, and consent by the insurance company to be bound for the insurance sought by the application, nor can a cause of action for negligence be grounded upon such delay.

2. INSURANCE—APPLICATION—LIABILITY BEFORE DELIVERY OF POLICY.—A soliciting agent for an insurance company, with authority only to

solicit business, can not bind the company by stating to an applicant for insurance, that the policy will be issued.

3.  INSURANCE—APPLICATION—LIABILITY BEFORE DELIVERY.—An agent of an insurance company with authority only to solicit business, took an application for a policy of fire insurance from appellee, and the premium therefor, but did not transmit the application to the insurance company and the policy was never issued; shortly thereafter the building sought to be insured, was burned. The application provided that it was not to be construed as a contract of insurance against the company until the same was approved by the officers of the company, which approval shall be evidenced by the issue and delivery of the policy. *Held*, appellee had knowledge of the limitations upon the agent's authority, and that the policy never having been issued and delivered, that the insurance company was not liable for the amount of the loss.

Appeal from Clay Circuit Court, Eastern District; *J. F. Gautney*, Judge; reversed and dismissed.

STATEMENT BY THE COURT.

On the 17th of February, 1913, R. H. McDermott, acting for the directors of School District No. 55 of Clay County, made a written application to the National Union Fire Insurance Company for a policy of insurance, covering the school building and its contents. The application, together with twenty dollars in payment of the premium, was delivered to T. A. Wynne, soliciting agent of the company. The policy of insurance applied for was never delivered, and on the 6th of January, 1914, the building and contents were totally destroyed by fire.

This suit was instituted on the 8th of October by the appellee against appellant to recover damages on account of the loss. The undisputed facts are as follows:

T. A. Wynne was a soliciting agent of the appellant, having authority to take applications, receive premiums, and to forward applications for policies to the company or its general agent for acceptance or rejection. On February 17, 1913, appellee made application to Wynne for a policy of insurance on its school building and contents, to take effect April 2, 1913. Wynne received the first premium, but did not transmit the application to the insurance company, and the policy was never issued. The insurance company was, at the time, writing insurance on

property of the character mentioned, and Wynne had taken applications and the company had accepted same, and issued policies on risks of the same character. The application which the appellee signed contains information concerning the ownership, the value of the property, its occupancy and such matters. It contained also this stipulation: "It is understood and agreed that this application shall not be construed as a contract of insurance against said company until the same shall be approved by the officers of said company, which approval shall be evidenced by the issue and delivery of its policy."

The court, in effect, told the jury in its instructions, over appellant's objection, that if Wynne was the agent of the appellant, and had authority as such to receive applications for insurance, and to forward same to the company, and receive the payment of premiums thereon that if he neglected for an unreasonable length of time to forward the application to the company, and if the company would have issued its policy if the application had been forwarded, and if they found that by reason of such neglect on the part of the appellant's agent, the appellee suffered the loss complained of, they should find in its favor.

The appellant asked the court to instruct the jury to return a verdict in its favor, which the court refused, to which ruling of the court the appellant duly excepted. The appellant also asked the court, in effect, to tell the jury that the taking of the application for the insurance and the receipt of the insurance premium would not constitute a contract of insurance between the school district and the company, that Wynne, being a mere soliciting agent, had no power to bind the company to the issuance of an insurance policy, and that it was the duty of the appellee to ascertain the scope of his authority before paying the premium, and if it failed to do so, the loss was at its peril.

The jury returned a verdict in favor of the appellee for the amount claimed, towit, $500. A judgment was entered against the appellant in favor of the appellee, and this appeal has been duly prosecuted.

*Spence & Dudley,* for appellant.

1.   A verdict should have been directed for defendant.   Mere delay by a soliciting agent in transmitting an application for insurance, or a delay by the company in accepting same does not make the company liable.   Vance on Ins., 161.   An acceptance is essential to the validity of the contract—mere delay or failure to notify the applicant is not an acceptance.   19 Cyc. 599.   And an agent having only authority to receive and transmit applications does not bind the company.   19 Cyc. 600; 61 Ala. 163; 71 Iowa, 340; 32 N. W. 371; 28 Fed. 708.   Mere delay in passing upon an application can not be construed into acceptance. 30 Fed. 545; 61 Ala. 163; 104 Ga. 67; 5 Okla. 598; 50 Pac. 165.   There must be an actual acceptance.   2 Neb. 720; 89 N. W. 997; 90 U. S. 152, etc.   Even if accepted, the company was not bound until the policy was issued.   98 Ark. 166.

The authority to solicit, receive and write applications, and to receive and deliver policies and collect premiums would not empower the agent to bind the company by saying a policy would be issued.   85 Ark. 337.   Such an agent is not a general agent.   19 Cyc. 592; 22 *Id.* 1431. One dealing with an agent apparently having limited authority is bound to inquire as to, and take notice of, the limitations imposed by the company.   22 Cyc. 1434; 105 Ark. 111; 104 *Id.* 150. Wynne, the agent, is alone liable under the proof.   81 Ark. 202.

The appellee *pro se.*

Where an agent acts within the scope of his authority, and in the execution of his master's business, his principal is bound.   Mechem, Agency, § 745; Story, Agency, § 308; 56 Ark. 247.   The agents of the company were negligent in not forwarding the application within a reasonable time, and the company is liable.   86 Kans. 442; 121 Pac. 329; 40 L. R. A. (N. S.) 164; 51 Iowa, 679; 2 N. W. 583; note to 40 L. R. A. (N. S.) 164.

WOOD, J., (after stating the facts).   The court correctly instructed the jury that "there was no contract of insurance in this case."   The only issue presented by this

appeal is whether or not an insurance company is liable for the negligence of its agent in failing to send to the company an application for insurance, where the only authority of the agent is to solicit applications for insurance, to deliver policies when issued, and to receive and receipt for initial premiums.

When an agent acts within the scope of his authority, the principal is bound. *Railway* v. *Ryan,* 56 Ark. 247.

Now in the written application of appellee for a policy of insurance it is stated: "It is understood and agreed that this application shall not be construed as a contract of insurance against said company until same shall be approved by the officers of said company, which approval shall be evidenced by the issuance and delivery of its policy." Under the express terms of this proposal on the part of appellee for insurance it is stipulated that there shall be no contract of insurance until the company shall approve the application and evidence its approval by the issuance of a policy. Under this stipulation of appellee, even if the soliciting agent had promptly forwarded the application to the company, the latter was under no legal obligation to issue the policy to appellee. The authority of the soliciting agent to receive and forward the application if strictly followed did not impose upon the appellant any legal duty.

If the application had been promptly transmitted and received, appellant would not have been liable until the policy was actually issued. *Cooksey* v. *Mutual Life Ins. Co.,* 73 Ark. 117; *Peoples Mut. Life, Accident and Health Ins. Co.* v. *Powell,* 98 Ark. 166.

Negligence and liability therefor can not be predicated upon a state of facts that do not impose any legal duty.

The better reason and the decided weight of authority supports the doctrine that mere delay in passing upon an application for insurance can not be construed as accepting such application and consenting to be bound for the insurance sought by it, nor can a cause of action for negligence be grounded upon such delay. *Albania Gold L.*

*Ins. Co.* v. *Mayes,* 61 Ala. 163, and other cases cited in appellant's brief.

The soliciting agent with only the limited authority shown by the undisputed evidence, could not bind the company by stating that a policy would be issued. *American Ins. Co.* v. *Hornbarger,* 85 Ark. 337. Appellee could not assume or presume that the special agent with only limited authority, could bind his principal by any statements he made concerning his own authority. Appellee must be held, under the undisputed evidence to have known the extent and nature of the authority of appellant's special agent. *U. S. Bedding Co.* v. *Andre,* 105 Ark. 111.

It follows that appellee, under the undisputed evidence, had no cause of action, and the trial court erred in not so declaring.

The judgment is therefore reversed and the cause is dismissed.