INTERSTATE BUSINESS MEN'S ACCIDENT ASSOCIATION *v.* NICHOLS.

Opinion delivered April 12, 1920.

1. INSURANCE—TERMS OF CONTRACT.—An accident insurance company has the right to fix the terms on which it will insure, and the applicants have the right to accept or reject the insurance under these terms, and, having accepted the policy, they are bound by it.

2. INSURANCE—FRAUD OF SOLICITING AGENT.—An allegation of misrepresentations by an agent that an accident policy would become effective from the date of the application is not sustained by proof that the agent gave applicant to understand that he would secure more prompt action by sending his premium with the application.

3. INSURANCE—FRAUD OF AGENT—BURDEN OF PROOF.—The burden is on insured to show that the insurer's agent fraudulently represented that the policy would date from the date of the application.

4. INSURANCE—DELAY IN ISSUING POLICY.—Where an insurance policy was not to become operative until its date, negligent delay by the company in approving the application and writing the policy can not be construed as an acceptance, nor can a cause of action be grounded on such delay.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Roscoe R. Lynn,* for appellant.

1. Parties have the right to make their own contract and this court will not make one for them, but only enforce the contract as made by the parties. 92 Ark. 283; 65 *Id.* 295. The insured is bound by the contract as written. 122 *Id.* 219-223.

2. The policy was not in force for any purpose until actually issued and only takes effect from the date of its issue. 122 Ark. 179. An agent has no power to change the conditions in contracts or waive forfeitures. The agent here was only a soliciting agent without power to change conditions or waive forfeitures. 122 *Id.* 179. The burden was on appellee to show the authority of the agent. 98 *Id.* 166. There was no proof of fraud or negligence, and the delay in issuing the policy was reasonable and accounted for. 122 Ark. 468-71. There was no inexcusable delay. 122 *Id.* 179.

*Culbert L. Pearce,* for appellee.

1. The agent was negligent in transmitting the application to the home office.

2. The policy department was negligent in preparing and making the policy.

3. The contract was fully consummated on December 12th, when the approved application was transmitted to the policy writing department. The delay was inexcusable and the company was bound by the negligence of its agent. 86 Kan. 448; Ann. Cases 1915 A. 673.

4. The policy is merely evidence of the contract. 165 Ala. 238; 138 Am. St. 26; 25 N. H. 169. The rules for the construction of written instruments apply to insurance contracts. 180 U. S. 132; there must be a meeting of minds but it is not necessary that the policy shall be formally written and delivered. 42 Mo. 38; 16 Pa. Sup. Ct. 91.

5. A contract of insurance is consummated upon the unconditional acceptance of the application by the

insurer.   14 R. C. L. 894; 104 Ga. 67; 30 S. E. 273; 35 N. E. 1060; 66 Ark. 621.

6.   The case was tried by the court setting as a jury and the court as a jury found that there was an offer and acceptance sufficient to constitute a contract and the findings are conclusive.   144 Fed. 1005; 21 N. E. 1000; 57 S. E. 437; 60 Ark. 250; 90 *Id.* 375; *Ib.* 512; 97 *Id.* 374.

WOOD, J.   This is an action brought by the appellee against the appellants on an accident and health policy.

The appellee alleged that on December 4, 1918, in consideration of the payment of $9 and the execution of his application, the appellant association, by its duly authorized agent, accepted appellee's application for a policy of accident and sick benefit insurance, and represented that it would be issued and effective from and after said date; that through negligence and fraudulent intent upon the part of the appellants the policy was not issued and delivered to appellee until December 23, 1918; that it purports to have been issued December 17; that on December 29, 1918, appellee became ill and was confined to his bed for seven weeks; that under the policy the appellants are liable to him in the sum of $25 per week or an aggregate of $175.

Appellee prayed judgment for the above sum with penalty and attorney's fees.

The answer admitted all the allegations of the complaint except that it denied that its agent represented that the policy should be in force from and after the date of the application and denied that through negligence and fraudulent intent it was not issued and delivered until December 23, 1918.

The appellants then set up that the application provided that it was made with the distinct understanding that until it was accepted by the association and a policy issued thereon no contract of insurance would be in force; that the policy itself provides that the insurance shall take effect from the date which the policy bears; that the application was taken by a soliciting agent who had no

authority to bind the association by his representation; that the application was forwarded and approved in due course of business and the policy was issued to the appellee; that appellee's illness commenced less than fifteen days after the issuance of the policy, and that therefore, under the terms of the policy, there is no liability.

The application contains the following provision:

"I make application for insurance under Policy Form No. 1 * * * based upon the following statements, each of which I adopt as my own, and with the understanding that, until this application has been accepted by the association, and a policy actually issued to me, no contract of insurance shall be in force."

Among the questions propounded to the applicant is the following: "Do you understand that this application is taken by a soliciting agent without power to bind the association by any statement or agreement?" The appellee answered, "Yes."

The policy contains the following provision:

"This policy shall take effect at 6 o'clock P. M., standard time, on the date which it bears and shall not extend to or cover any loss due to disease contracted by the insured before fifteen days after that date."

The policy also contains the provision that "the application is made a part of the policy, and no agent has the authority to change this policy or to waive the same."

The application was received by the association's soliciting agent on December 4, 1918. The association received the application on December 9 at the home office. It took about two and a half days for mail to reach the home office from Arkansas. The application was approved on December 11, and turned over to the policy writing department on December 12. The policy was issued December 17, and reached the appellee on December 23.

In the contract of employment between the association and its soliciting agent concerning the duties of the agent are the following provisions:

"(4) To forward daily to the association all applications for membership secured by him."

"(8) To remit promptly all moneys that come into his hands belonging to the association."

"(11) To carefully expound to every applicant each question upon the membership application blank, etc."

The appellee testified that the application was in his own handwriting made by him under the direction of the agent of the association; that he understood and was led to believe from what the agent said that by paying the premiums and permitting them to be sent along with the application the application would be given more prompt attention, and that the policy would be issued sooner, dating from the time the application was dated; that the agent did not actually say the policy would be dated from the date of the application, but that he, appellee, understood that; that he was not advised that a clause would be in the policy limiting the liability of the association until after fifteen days had elapsed from the date of the policy; that the agent never mentioned that provision.

Appellant's assistant secretary testified that it was his duty to approve the application; that the application was received at the home office December 9; that at that time the office was receiving about fifty applications per day, and that it was impossible in the ordinary course to handle the mail the day the application was received; that the application was entered December 11, came to witness December 12 and was approved that day; that the application was not reached by the policy writing department until December 17; that the policy was issued and mailed that day; that by reason of the volume of business at the close of the year it was impossible for the policy writing department to keep up with the application or inspection department; that at that time on account of the effect of the influenza upon the office force they were especially crowded with work; that the application of the appellee was issued at the earliest possible moment in its regular course or order.

The testimony of the manager of the claim department of the association corroborated that of the secretary.

The cause, by consent, was tried by the court sitting as a jury. Judgment was rendered in favor of the appellee in the sum of $175, with 12 per cent. penalty for damages, and an attorney's fee of $25 and costs. From that judgment is this appeal.

"The insurance company had the right to fix the terms and conditions upon which it would insure appellee, the latter had the right to accept or reject the insurance under these terms and conditions, but, having accepted the same, it was a contract between them, and, being in violation of no principle of law nor in contravention of the policy of the law, must be enforced according to its terms and meaning; and the courts have the right neither to make contracts for parties nor to vary their contracts to meet and fulfill some notion of abstract justice, and still less of moral obligation." *Standard Life & Acc. Ins. Co.* v. *Ward*, 65 Ark. 295-8; also see *Maryland Casualty Co.* v. *Chew*, 92 Ark. 276-83; *Amer. Nat. Ins. Co.* v. *Otis*, 122 Ark. 219.

The appellee alleged in his complaint that the appellant association through its duly authorized agent accepted his application for a policy with $9, for three months' premium, on December 4; that the agent represented and contracted that the policy would be issued and effective from said date; that through negligence and fraudulent intent said policy was not issued and delivered until December 23, 1918. In support of these allegations the appellee testified that he "understood and was led to believe that, by paying the premiums and permitting it to be sent in along with the application, the application would be given more prompt attention and would be issued sooner dating from the time that the application was dated." But he does not testify to, or give in detail, any conversation that he had with the agent that led appellee to believe, or by which he understood, the policy would be dated as of the date of the application. On the

contrary, he testified that "the agent did not actually say that the policy would be dated from the date of the application."

The burden was upon the appellee to show that fraud was perpetrated upon him in issuing and dating the policy as of a later date than the date of the application. The appellee, therefore, wholly fails to sustain his allegation of fraud.

So far as the allegations of negligent delay connected with the transmission of the application, the approval thereof, and the issuance of the policy are concerned, the representations of appellant's soliciting agent as to these would not bind it. Under the undisputed evidence the soliciting agent was a special agent with limited authority to solicit applications and forward same to the association and collect the premiums. He had no authority to enter into a contract for the association.

The case is ruled on this point by *National Union Ins. Co.* v. *School District No.* 55, 122 Ark. 179-83, where we said: "If the application has been promptly transmitted and received, the appellant would not have been liable until the policy was actually issued. Negligence and liability therefor can not be predicated upon a state of facts that do not impose any legal duty. The better reason and the decided weight of authority supports the doctrine that mere delay in passing upon an application for insurance can not be construed as accepting such application, * * * nor can a cause of action for negligence be grounded upon such delay. The soliciting agent with only the limited authority * * * could not bind the company by stating that a policy would be issued."

Moreover, the policy itself provides that it shall take effect at 6 o'clock p. m., standard time, on the date which it bears, and shall not extend to or cover any loss due to disease contracted by the insured before fifteen days after that date.

Under these provisions there was no liability under the policy until it was actually issued, nor for any disease contracted until fifteen days after the date of the policy.

*National Union Ins. Co.* v. *School District, supra.* See, also, *Carland* v. *General Accident Fire & L. Ins. Co.,* 122 Ark. 468.

The above cases control this. According to the doctrine announced therein the judgment of the circuit court is erroneous, and it must, therefore, be reversed and the case dismissed. It is so ordered.