## GUARANTY OLD LINE INS. CO. v. WINSTEAD.
### No. 13328.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 28, 1936.

Rehearing Denied March 27, 1936.

William A. Wade, Romick & Allison, and Charles Romick, all of Dallas, for appellant.

Wright K. Smith, of Dallas, for appellee.

BROWN, Justice.

Appellant Guaranty Old Line Life Insurance Company, of Dallas, Tex., issued to appellee Dr. D. Edgar Winstead, on December 6, 1933, an accident and health policy; the principal provisions for our consideration being:

"Part 8. *Confining Illness Indemnity for Life.* The Company will pay, for one day or more, at the rate of One Hundred and No/100 ($100.00) Dollars per month for disability resulting from disease, the cause of which originates more than thirty days after the effective date of this Policy, and which confines the Insured continuously within doors and requires regular visits therein by a legally qualified medical physician or surgeon, provided said disease necessitates total disability and total loss of time. * * *

"(d) The copy of the Application attached hereto is hereby made a part of this contract and this Policy is issued in consideration of the statements made by the Insured in the application, and the payment in advance of Eight and No/100 ($8.00) Dollars as first payment, which continues this insurance in force until February 6th, 1934; and the payment in advance, and acceptance by the Company, of premium of Four and No/100 ($4.00) Dollars monthly, due and payable on the sixth day of each succeeding month, is required to keep this Policy in continuous force and effect."

A portion of the application made by the insured contains the following: "And I agree to pay the monthly premium of $4.00 in advance without notice, on or before the first day of the month when due."

The only provisions for waiver of premiums and grace in the payment of premiums are found in paragraphs 12 and 13, which are as follows:

"Part 12. *Waiver of Premiums.* When claim for permanent total disability of the Insured due to Bodily Injuries or Illness covered by this Policy has been filed and approved by the Company while this Policy is in force, there will be no further premiums payable, but the Insured will draw indemnity as provided in the Policy.

"Part 13. *Grace in the Payment of Premiums.* After two months from date of issue or reinstatement after lapse, and so long thereafter as this Policy is maintained in continuous force as provided by its terms, a grace of ten days will be allowed for the payment of monthly premiums, during which ten-day period the insurance shall continue in force, subject to all of the terms and conditions of this Policy."

Appellee brought suit against appellant in the county court (at law No. 2) of Dallas county, alleging, in substance, that appellant issued and delivered to him the said accident and health policy, on December 6, 1933, in consideration of the payment by him of the sum of $8, and that by the terms of the policy same was in full force until the 6th day of February, 1934, and that appellee became disabled by reason of disease on January 20, 1934, and remained so disabled until January 31, 1934, during which time he was confined continuously within doors and regularly visited by a legally qualified physician. And during said time he was totally disabled and not able to perform any of the duties of his profession. He alleged that he requested blanks for, and made proof of claim to, appellant, covering such period of disability in the sum of $33.33; and that thereafter, on or about March 10, 1934, appellee again became totally disabled by disease and such disability continued up to the 5th day of September, 1934, during which time he was unable to perform the duties of his profession. He alleged that he requested blanks for the proof of such claim for his last illness, but that they were not furnished to him. He alleged that he had demanded payment for his first disability and for his second disability, and that appellant had refused to pay any part of same.

Appellee's claim being contested on the theory that appellant was organized under and operates by virtue of article 4752, Rev. Civ.Statutes, and that his contract was shown to be a month to month contract, which necessarily terminated when he failed to pay any monthly premium due on or after February 6, 1934, appellee answered, contending that inasmuch as appellant owed him for disability benefits already accrued in the sum of $33.33, which it held and refused to pay, it thereby became the duty of appellant to apply the proceeds of such benefits to the payment of the premiums owing

by appellee, and to thus keep the accident and health policy in force.

The case was tried to the court and judgment rendered for appellee for monthly benefits in the sum of $592; 12 per cent. statutory penalty on such sum, $71.04; a statutory attorney's fee in the sum of $150, which was agreed upon by the parties as reasonable; and 6 per cent. statutory interest on the principal sum from October 20, 1934.

Upon request, the trial court filed findings of fact and conclusions of law finding that appellant is a domestic insurance corporation, duly incorporated under article 4752, Rev.Civ.Statutes; the issuance of the policy; the payment of $8 in premiums, thereby keeping said policy in force until February 6, 1934; that appellee became totally disabled on January 20, 1934, and remained so disabled for a period of 10 days; that due proofs of illness were made and demand for payment of disability benefits were made; that appellant owed the insured the sum of $33.33 for such period of disability, and that such amount accrued prior to February 6, 1934; that appellee became totally disabled the second time from illness, on March 10, 1934, and remained so disabled until September 5, 1934; that he notified insurer of his disability on March 17, 1934, and requested blanks upon which to submit proofs; that appellant failed to furnish the blanks; that final demand was made on appellant for the payment of all benefits claimed by appellee on September 19, 1934, and that no part of such benefits have been paid; that appellee requested of appellant to supply sufficient of the proceeds which it owed him to pay all accrued premiums (this request was shown to have been made long after February 6, 1934).

The trial court further found that appellant at no time took any steps to cancel the insurance policy, and never advised appellee that it would not continue the policy in force. The amount of the principal, the penalty, and attorney's fee were found by the trial court. The court concluded that, as a matter of law, appellant was indebted to appellee, on February 6, 1934, by reason of the disability benefits due him in the sum of $33.33, and that it was the duty of appellant to apply sufficient amount of such funds to the payment of the accrued premiums to continue the policy in force, and that appellant could not retain such funds, and at the same time treat the policy as being terminated or lapsed for nonpayment of premiums, and that the policy was by reason of these findings and conclusions in full force and effect on March 6, 1934.

The insurer has appealed and has presented many assignments of error supported by 14 propositions. We will not notice all of them, as we do not consider that necessary under our view of the case.

The fact findings made by the trial court are amply supported by the evidence. There is no doubt in our minds, from the record before us, but that the good doctor suffered such total disabilities at the times stated as come within the terms and provisions of the contract of insurance, and it is undoubtedly right that he should be paid such benefits if his policy was in force when the disability accrued. He was entitled to a judgment for $33.33, and for his attorney's fees, and the statutory penalty and interest, at all events. But such a contract as appellee had is not one, in our opinion, whereby the doctrine may be applied that funds in the hands of the insurer belonging to the insured must be applied to the payment of premiums to prevent a forfeiture of the contract. Appellee's contract, in our opinion, does not come within such a preferred claim. As was seen above, the only provision for a waiver of premiums is one where the assured has become permanently totally disabled by bodily injuries or illness, which is covered by the policy. The only grace period allowed for the payment of premiums is one that permits the assured a grace period of 10 days for the payment of monthly premiums after his policy has been in force two months. This is a contract which shows upon its face that the assured was protected from December 6, 1933, until February 6, 1933, and that thereafter, only in the event the assured paid his premium in advance, and same was accepted by the insurer, could the policy be kept in force and effect.

This is no incontestable policy of insurance, and even if the insured, after suffering his first illness, had tendered the premium due February 6, 1934, to the insurer, it could have declined to accept the premium and the policy would not have been continued in force. If this is true, and undoubtedly it is, how can it be successfully urged that the mere fact of the insurer being indebted to the insured for disability benefits when the last premium fell due, gives to the insured the absolute right to force the insurer to continue the contract of insurance in force by applying the accrued disability benefits toward the payment of the then due premium and against

its will and wish? We do not believe that such a contract can be forced upon any party unwilling to engage therein.

The essential characteristics of such an insurance policy as is before us are discussed and made plain in the following cases, which are more nearly in point than any other authorities cited from our own jurisdiction: National Life & Accident Insurance Co. v. Reams (Tex.Civ.App.) 197 S.W. 332; National Life & Accident Insurance Co. v. Casillas (Tex.Civ.App.) 63 S.W.(2d) 396.

Being of the opinion that appellee is not entitled to recover disability benefits for the second illness, because the contract of insurance was not then in force, the judgment of the trial court awarding him such benefits is reversed and rendered for appellant; and, being of the opinion that appellee is entitled to recover the disability benefits occasioned by his first illness, the judgment awarding him $33.33 is affirmed, together with 12 per cent. penalty on such amount, and 6 per cent. interest on such principal sum from May 1, 1934, together with the attorney's fee of $150.

The costs of appeal are taxed against appellee, and those incurred in the trial court are taxed against appellant.

Reversed and rendered in part; reformed and affirmed in part.