**UNIVERSAL LIFE & ACCIDENT INS. CO. v. WREN.**

**No. 3733.**

Court of Civil Appeals of Texas. El Paso.

Oct. 20, 1938.

Rehearing Denied Nov. 23, 1938.

O. H. Woodrow, of Sherman, and A. F. Nossaman, of Whitewright, for appellant.

W. J. Durham, of Sherman, for appellee.

WALTHALL, Justice.

This suit was brought to recover judgment upon a week to week health and accident insurance policy issued under the provisions of Article 4752, Vernon's Texas Civil Statutes 1936.

The suit was brought by appellee, Maud Wren, against appellant, Universal Life & Accident Insurance Company, for disability benefits which she alleged had accrued to her between the months of October, 1932 and June 15, 1936, under appellant's insurance policy, of date May 6, 1929, whereby, it is alleged, appellant agreed to pay her $6 per week in case of her illness, upon the payment in advance of a weekly premium of thirty cents.

The jury found all issues in favor of appellee.

The jury found:

1. That Maud Wren did not, on or about December 15, 1932, voluntarily drop her insurance policy with the defendant company.

2. Maud Wren was ill, and by reason of her illness confined to her bed the entire time between November 16, 1932, and June 16, 1936.

3. Universal Life & Accident Insurance Company, during the month of December, 1932, refused to furnish Maud Wren blanks upon which to submit proof of her illness.

4. Maud Wren, in writing, made three claims for benefits other than the five claims admitted to have been paid by the insurance company.

On appellee's motion for judgment, the court rendered judgment in her favor and against appellant for disability benefit, the

amount of the premiums necessary to pay the premiums on the policy from December 26, 1932, to and including June 18, 1936. The court also rendered judgment in favor of appellee for the statutory penalty, attorney's fee, interest from the date of judgment and costs.

The court overruled appellant's motion for a new trial and motion for judgment notwithstanding the verdict, each presented in due order, and appellant appeals.

### Opinion.

Appellant contends that because the suit is upon a week to week health and accident policy, to be kept in force only upon the payment in advance of weekly premiums of thirty cents, and the policy to become void if not so paid, and the testimony showing that no premiums were paid since December 12, 1932, and there being no jury finding that appellee tendered to appellant the weekly premiums thereafter, and the policy containing no waiver clause, and there being no proof or jury finding that appellee requested appellant to apply the claimed sick benefits to the subsequent accruing premiums, and appellant being under no duty and having no legal right, without such request to apply such sick benefits, and the policy having terminated because of failure to pay the premiums, the court should have sustained appellant's motion to set aside the verdict and granted a new trial.

The policy provides that it shall not lapse for non-payment of premiums until the premiums for four weeks are in arrears. Appellant alleged that appellee failed to pay the premiums, and that the policy lapsed for non-payment on December 26, 1932. The policy provides that the insured shall not be entitled to sick benefits unless a certificate on the company's form is furnished at the beginning of each week of sickness. The jury found that appellee was sick at all of the times mentioned; that she did not voluntarily drop her insurance, and that appellant refused to furnish appellee blank forms upon which to make proof of her illness.

Appellee paid her last premium on December 12, 1932, for weeks beginning December 19th and December 26, 1932, and under the terms of the policy it could not lapse until four weeks from the date the next premium was due and unpaid, to-wit, January 2, 1933.

Conceding that the policy lapsed by its own terms on the last mentioned date, appellee's illness having continued until that time, it seems to us that appellee would be entitled to recover under the policy until that date, but beyond that date there would seem to be no contractual relation between appellant and appellee, and therefore there could be no liability on the part of appellant for additional weekly benefit.

We have concluded that the case of Guaranty Old Line Insurance Company v. Winstead, Tex.Civ.App., 91 S.W.2d 1164, and the cases therein referred to, by the Fort Worth Court of Civil Appeals, under a similar policy to the one involved in this case, a month to month policy, is applicable, in which it was held that the doctrine may not be applied that funds in the hands of the insurer belonging to the insured must be applied to the payment of premiums to prevent a forfeiture of the contract. It follows, then, as in the case referred to, that appellee would be entitled to a judgment for the benefits that accrued to her until the policy had lapsed on January 2, 1933, and the statutory penalty and her attorney's fees and statutory interest.

What we have said above sufficiently disposes of all other propositions.

The judgment is reformed in part and as reformed affirmed.