**NATIONAL BANKERS LIFE INS. CO. v. BUNNELL.**

No. 15108.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 24, 1950.

Chaney & Davenport and Tom E. Bryan, all of Dallas, for appellant.

E. H. Griffin, of Olney, for appellee, but no brief filed by appellee in this court.

SPEER, Justice.

Edgar E. Bunnell sued and recovered a judgment against National Bankers Life Insurance Company, Inc., in the County Court of Jack County, Texas. Trial was to the court upon fully stipulated facts. The Insurance Company has appealed.

The suit was based upon a policy of insurance for hospitalization, in which appellant contracted that for the consideration named it would pay to appellee specified amounts if incurred by him while confined as a bed patient in an incorporated or licensed hospital while the policy was in effect. The policy contained certain conditions and limitations relied upon by appellant which we shall later notice.

The above summary is as much as we need to say just here of the policy which was pleaded in its entirety by appellee and covers eleven pages in the stipulated facts.

Appellant defended upon the ground that by its terms, and the stipulated facts, the policy was not effective at the times appellee incurred the hospital expenses sued for. The sole question before us is, was the policy in effect at the time appellee incurred the expenses for which he sued?

Appellant's points of error aptly present the question and we need not discuss them seriatim. Appellee has filed no brief in this court and we do not have his views in support of the judgment entered in his favor.

In its inception the policy became effective from August 5, 1946 for a term of three months for the consideration of payment in advance of the monthly premiums for that time. The policy was kept effective by the payment and acceptance of all premiums until August 5, 1948. During

that period appellee had several claims and appellant paid them. On the last mentioned date when appellee remitted premiums for another term of three months appellant declined to accept the premiums, declaring the policy terminated and so notified appellee. Remittances of premiums were continuously made every three months thereafter and were as often rejected and returned by appellant. The claim sued on by appellee was for hospitalization incurred during the period of time since appellant declared the contract terminated and was declining to accept payment of premiums. Appellant relies upon a provision in the policy which reads:

"This policy is issued in consideration of the statements made by the Insured in the application and the payment in advance of three months premium payments of four and 50/100 dollars, which shall continue this policy in force until November 5, 1946. *The payment in advance and acceptance by the Company* of monthly premiums of one and 50/100 dollars on the 5th day of each month thereafter, beginning November 5, 1946, is required to keep this policy in continuous effect. Insured may pay monthly premiums, 3 months, 6 months and 12 months in advance." (Our emphasis).

The provisions of the policy were such as to make it a "term" policy. This necessarily means that coverage was for the period of time during which the premiums were paid by the insured in advance for specified periods, and, under the above quoted provision, accepted by the Company.

The constructions given by our courts of insurance contracts like the one before us lead us to the definite conclusion that this was a "term" policy. The insured could have declined to pay premiums in advance at any time and thus terminate the contract at his will; and by the same token the Company could decline to accept premiums when tendered and thus terminate its liability. Guaranty Old Line Ins. Co. v. Winstead, Tex.Civ.App., 91 S.W.2d 1164, writ dismissed; National Life & Accident Ins. Co. v. Casillas, Tex.Civ.App., 63 S.W.2d 396, writ dismissed; Commonwealth Life & Accident Ins. Co. v. Nelligan, Tex. Civ.App., 220 S.W.2d 209, writ refused,

n. r. e. The last cited case quotes with approval from the Casillas case supra.

The quoted provision of the contract is plain and unambiguous and the parties are bound by the contract they made. When appellant declined to accept further premium payments tendered by appellee in November, 1948, and declared the policy liability ended, it was exercising its contractual right agreed and assented to by appellee when he accepted the policy. See Annotations in 119 A.L.R. 525, where the above announced rule is followed by the courts in Alabama, Georgia, Illinois, Kentucky, New York, Mississippi, Washington and Wisconsin.

As above pointed out in the stipulated facts, when appellee remitted the premium to continue the policy in effect from and after November 5, 1948 for the next three months, appellant declined to accept same and returned the premium, notifying appellee that it had terminated the policy under its provisions as of November 5, 1948.

Appellant had the undoubted right to thus terminate the contract since under the provisions of the policy above quoted both payment of premiums by appellee and their acceptance by appellant were conditions necessarily requisite to the further effectiveness of the policy. The binding effect of the continued contract was dependent upon the acceptance by appellant of the premiums tendered by appellee. The option was with appellant and it so exercised it under the contract. Appellant's option in this case is not unlike its option to accept or reject an application in the first place. American Life Ins. Co. v. Nabors, 124 Tex. 221, 76 S.W.2d 497.

It was stipulated that the items sued for accrued in April and May of 1949, which dates were long after November 5, 1948, when appellant terminated the policy as above shown.

In view of the manner in which all facts were stipulated there can be no doubt that the case was fully developed. It is obvious to us that the judgment should have been for appellant. We therefore reverse the judgment of the trial court and here render judgment for appellant.

Reversed and rendered.