# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3773

_____

| | | |
|---|---|---|
| Joan Sample, Individually and as Successor Trustee of the Wayne W. Sample Living Trust, | * * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Penn Mutual Life Insurance Company, | * * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: April 18, 2003

Filed: June 11, 2003
_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Joan Sample ("Joan") brought this diversity action against Penn Mutual Life Insurance Company ("Penn Mutual") for failing to pay a claim after the death of her

husband Wayne W. Sample ("Wayne"). The district court[1] granted Penn Mutual's motion for summary judgment, and Joan appeals. We affirm.

Wayne applied to Penn Mutual for a $750,000 life insurance policy on October 27, 1999. As part of the application, Wayne submitted a check for $329.02 to Penn Mutual to cover the premium for the twenty-year term life insurance policy.[2] Wayne also signed a sixty-day temporary insurance agreement ("TIA") that same day. The application that Wayne completed included the following provision:

> Subject to the provisions of the temporary insurance agreement attached to this application, no insurance will be in force until the first premium is paid in full and the policy is delivered while the health, habits, occupation and other facts relating to the Proposed Insured(s) . . . are the same as described in this . . . application.

The TIA provided that the insurance would terminate automatically upon the earliest of: sixty days from the date of the agreement; the effective date of the insurance policy; the date a policy, other than the one applied for, is offered to the applicant; or the date Penn Mutual mails a notice of termination of coverage to the applicant. Penn Mutual never issued a life insurance policy on Wayne's life.

Wayne was killed in a car accident on December 29, 1999, sixty-three days after he applied for the life insurance policy and signed the TIA. Joan sought the proceeds from the life insurance policy, but Penn Mutual denied her claim on February 7, 2000, and returned the initial premium, plus interest. Joan then brought this action, claiming that she is entitled to the full amount of the insurance benefits,

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

[2]At the direction of Penn Mutual, Wayne also underwent a physical examination on November 19, 1999, which he passed.

as well as twelve percent damages and reasonable attorney's fees, pursuant to Arkansas Code Annotated § 23-79-208. The district court granted Penn Mutual's motion for summary judgment. We affirm.

"We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party and upholding summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Richie Co., LLP v. Lyndon Ins. Group, Inc., 316 F.3d 758, 760 (8th Cir. 2003). Additionally, "[a]s we exercise our power under diversity jurisdiction, we must interpret the forum state's law. When interpreting state law, we are bound by the decisions of the state's highest court." Interstate Cleaning Corp. v. Commercial Underwriters Ins., Co., 325 F.3d 1024, 1027 (8th Cir. 2003).

Our review of the record indicates that Penn Mutual had not delivered a policy to Wayne by the time of his death. The insurance application clearly states that "no insurance will be in force until . . . the policy is delivered." Consequently, a policy was not yet in existence. Arkansas law does not recognize a cause of action for failure to deliver an insurance policy within the time the TIA is in effect. Nat'l Union Fire Ins. Co. v. Sch. Dist. No. 55, 182 S.W. 547, 548 (Ark. 1916) ("The better reason and the decided weight of authority supports the doctrine that mere delay in passing upon an application for insurance can not be construed as accepting such application and consenting to be bound for the insurance sought by it, nor can a cause of action for negligence be grounded upon such delay."). Additionally, the TIA unambiguously states that it automatically expires sixty days from the date of issue. Therefore, Wayne did not have temporary insurance at the time of his death because the TIA had expired three days before.

On appeal, Joan claims that the TIA

> fails to state unequivocally what will occur at the end of that sixty (60) days in the event that the underwriters have not decided ultimately on the general policy. It is reasonable, from the language in the temporary agreement, for Mr. Sample to have drawn the conclusion that the temporary insurance agreement would have continued to insure the life of Wayne Sample all the way through the underwriting process itself in the event that he had not heard back from Penn Mutual at the close of the sixty (60) days.

Brief of Appellant at 18. We disagree. The language of the TIA is clear and there is no room for a different interpretation–the TIA had expired when Wayne was killed. Therefore, we find that there are no genuine issues of material fact to justify denial of Penn Mutual's motion for summary judgment.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.