## VICTORY LIFE INS. CO. v. FERRELL.
(No. 8319.)

Court of Civil Appeals of Texas. San Antonio.
Jan. 15, 1930.

Rehearing Denied Feb. 19, 1930.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Oliver W. Johnson, of San Antonio, for appellee.

FLY, C. J. This is an appeal from a judgment of the county court, rendered in favor of appellee, on a claim that appellant had insured the life of Charles Walter Ferrell, a deceased son of appellee, in the sum of $1,000. It was alleged in the petition that appellant had agreed to insure the life of said Charles Walter Ferrell in the sum named, for the benefit of appellee, that the sum of $8.38 had been paid as the first quarterly premium on said insurance, and that all other required conditions had been performed. It was alleged that the application for the insurance was made to the agent on May 20, 1928, and that the applicant, Charles Walter Ferrell, died on August 8, 1928, but no policy of insurance had been delivered.

The cause was submitted to a jury on the following special issue: "Did the defendant, insurance company, prior to the death of the said Charles Walter Ferrell, accept the risk as applied for by said deceased?" The issue was answered in the affirmative. The only question of any importance before this court is: Did the evidence sustain the verdict of the jury?

The court properly overruled the general demurrer and special exceptions to the petition. It was alleged that appellee was the mother and only surviving parent of the deceased, and that she was dependent upon him for her support and maintenance, and that she owned the interest of his sisters and brothers in the policy; that he applied for the insurance in the sum of $1,000, and paid the quarterly premium that was demanded by the agent of appellant, and that Charles Walter Ferrell died before a policy was delivered, without leaving a wife or children, and intestate. It was also alleged that appellant received and accepted the premium but failed to issue the policy. Under the allegations appellee had the right to prosecute the suit, as she was entitled to one-half of the insurance, even though the deceased had brothers and sisters, and she alleged that she acquired the rights of his sisters and brothers. The evidence showed that the brothers and sisters of deceased had assigned all their interest to appellee.

In the application for insurance it was provided that, "If the premium on the policy herein applied for shall be paid by me at the time of making this application, the insurance shall be in force from the date of acceptance of the risk as applied for." The only circumstances tending in the least to show acceptance of the risk was acceptance of quarterly premium and delay of about two weeks in which nothing was written to deceased by the home office, and no notice of rejection given. A proposition or application becomes binding only when the insurer accepts the risk of the insurance applied for, and the acceptance must be actual, evidenced by some act of the insurer, and from which it cannot recede without liability. Joyce on Ins. § 55. Delay in acting on the application

will not in itself raise a presumption of acceptance. Joyce on Ins., § 57.

As said by the Supreme Court in Connecticut Mut. Life Ins. Co. v. Rudolph, 45 Tex. 454: "It devolved on the plaintiffs to prove, according to their averment, that the contract of insurance had been completed by the acceptance on the part of the company of the application. By the terms of the receipt no insurance was attempted to be created until the application was accepted." In the case of Ætna Life Ins. Co. v. Hocker, 39 Tex. Civ. App. 330, 89 S. W. 26, the facts showed the payment of the yearly premium and the issuance, but not delivery of the policy, and this court held that a verdict against the insurance company was not sustained by the evidence, and the judgment was reversed and rendered for the insurance company. To the same effect as Connecticut Mut. Life Insurance Co. v. Rudolph are: Mod. Wood. of America v. Owens, 60 Tex. Civ. App. 398, 130 S. W. 858; Nat. Union Ins. Co. v. Patrick (Tex. Civ. App.) 198 S. W. 1050; Great So. Life Ins. Co. v. Dolan (Tex. Com. App.) 262 S. W. 475, and Mo. State Life Ins. Co. v. Boles (Tex. Civ. App.) 288 S. W. 271.

The only circumstances presented by appellee to show that appellant had accepted the risk were that the quarterly premium had been paid and that the premium and application were held by appellant for probably more than two weeks without rejection of the application. These circumstances in themselves did not show an acceptance, and the delay could be justified by the fact that deceased had failed to procure a medical examination as requested by the agent of appellant. Of course, the examination, made by the physician of deceased at least two months before application for insurance was made, had no bearing on the case.

The judgment is reversed, and the cause remanded.