**AMICABLE LIFE INS. CO. v. NEALE et al.**

**No. 15097.**

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 13, 1950.

Rehearing Denied Feb. 10, 1950.

Witt, Terrell, Jones & Riley, and O. F. Jones, all of Waco, for appellant.

James R. Wiley, of Denton, for appellees.

HALL, Justice.

Appellees, Robert B. Neale and Ruth Neale Potts, as executor and executrix respectively of the estate of Laura Neale Love, deceased, instituted this suit in the district court of Denton County, Texas, against appellant, Amicable Life Insurance Company, and for cause of action alleged a contract of life insurance based upon an application submitted to said Company by said Laura Neale Love, deceased, and the negligent action of appellant in delaying the acceptance or rejection of said application.

Appellant defended said cause upon the theory that no policy was ever delivered during the lifetime of applicant, as required by the terms of said application.

Trial was had before the court and judgment was entered in favor of appellees and against appellant for the face value of the policy, to-wit, $5,000.00, plus interest, penalties and $1,000.00 attorney's fees. The appellant's appeal to this court contains one point of error, to-wit:

"The Court erred in entering judgment for plaintiffs for the reason that the application for insurance involved expressly stipulated that the insurance applied for

should not take effect unless the policy was delivered to and received by the applicant during her lifetime and good health, and the parties hereto have agreed by stipulation in the Statement of Facts on file herein. that there was no compliance with this condition, and it is submitted that this provision or requirement in the application created a condition precedent, that the same is valid and enforceable, and, in the absence of compliance therewith, no insurance was ever in force and effect, no liability of any nature whatsoever can exist, and no recovery can be had in connection therewith."

The late Laura Neale Love executed an application to Amicable Life Insurance Company of Waco, Texas, for a $5,000.00 insurance policy upon her life, designating her estate as beneficiary. She executed her check for $122.05, representing the first annual premium on said insurance policy, and delivered it to appellant along with the application. Said check and application were received at the home office of appellant on Saturday, July 2, 1938. Said application reads in part as follows:

"1. I, Laura Neale Love, hereby apply to the Amicable Life Insurance Company of Waco, Texas for a policy of non-participating insurance upon my life and make the following statements and answers as a basis of the proposed insurance:

"2. A. Amount of Insurance $5000.00
* * * * * *
"5. A. I desire the policy to become effective on when issued 193

Month day year
* * * * * *

"I agree as follows: 1. That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime and good health, and that unless otherwise agreed in writing, the policy shall then relate back to and take effect as of the date of this application; 2. That any payment made by me before delivery of the policy to, and its receipt by me, as aforesaid, shall be binding on the Company only for the amount stated

in my declaration hereto attached and in accordance with the terms of the Company's receipts therefor on the receipt form which is attached to this application, and contains the terms of the agreement under which said payment has been made and is the only receipt the agent is authorized to give for such payment, and the same, however made, shall be held in trust, subject to the action of the Company upon this application, and in the event the same shall be declined by the Company, such payment shall be returned to me exactly as received; 3. That only the President or Secretary of the Company can make, modify or discharge contracts, or waive any of the Company's rights or requirements, and that none of these acts can be done by the agent taking this application; * * *."

On July 1, 1938, applicant went to the office of Dr. Robert M. Barton for the purpose of having a medical examination; it was necessary for applicant to postpone the final medical examination until July 5, 1938, at which time she returned to said doctor's office. Said medical examiner on said date mailed his report to the home office of appellant and sent along a urinalysis specimen from the applicant. On July 6, 1938, said specimen was examined by Dr. H. Earle in the home office of appellant, and on said date appellant deposited applicant's check for $122.05 to its credit in a bank at Waco, Texas, which was paid on July 7, 1938.

On July 6, 1938, appellant ordered an inspection report from a credit company, covering the habits of applicant, etc., which report was returned and received at the home office of appellant on Saturday, July 9, 1938.

On July 11, 1938, appellant made application for reinsurance of the amount of $1250.00 to Lincoln National Life Insurance Company of Fort Wayne, Indiana; on Wednesday, July 13, 1938, appellant received at its home office in Waco a telegram from said Company approving the application for reinsurance as applied for.

On July 11, 1938, applicant was untimely killed in an automobile accident. It is further agreed that the application of

decedent was approved by the medical department of appellant on July 6, 1938, and if appellant had proceeded to act immediately upon the approval of the application by the medical department alone said policy could have been prepared, written and executed by appellant prior to July 11, 1938.

It was further agreed that on July 13, 1938, appellant first received information of the death of said applicant and on same date mailed its check in the amount of $122.05 to its soliciting agent, stating: "We regret very much that we are forced to decline this application." Appellees refused to accept the returned premium from appellant.

Appellees' theory of the case, to support the trial court's judgment, is in effect that there was a completed contract between applicant and appellant, based upon her application, medical examination, full annual payment of the first year's premium by applicant, and acceptance of the application, approval of applicant as an insurable person and under the form of the application and the cashing of applicant's check on the same date the risk was approved, placing same in its account, constituted a meeting of the minds of the parties for a contract of insurance; that the contract having been fully performed, the Company became the insurer of applicant and the contract therefore was matured at the time of insured's death. The form of application for insurance was supplied by the Company and was so worded and arranged as to constitute an invitation or permission to applicant to vary the printed portion of the application, making the "delivery of the policy during the life time of the applicant" a condition precedent, and that by the insertion of the words "when issued" on the blank line of the application, applicant varied the provision for delivery of policy and effective date of her insurance, and the Company by accepting the application, approving the applicant as an insurable risk, applying payment of first full annual premium on the policy to its own use, waived the requirement for delivery of policy and is estopped to deny liability un-

der its contract because of nondelivery of the policy.

Another argument appellee presents to support the trial court's judgment is to the effect that applicant was in good health and could have received the policy at all times up to and until her death. The contract therefore was subject to the implied condition that the application for insurance and medical examiner's report would in due time be considered by the Company and if and when approved the policy would be issued. Even though the mechanical formality of the issuance of the policy may not have been performed, yet it was in law and equity issued.

■ Our analysis of appellees' contention to support the judgment is that an insurance company can become liable for negligence in failing to pass upon an application for life insurance within a reasonable time, and appellees cite for authority Strand v. Bankers' Life Ins. Co., 115 Neb. 357, 213 N.W. 349, 351. We find the law in Texas will not permit delay in passing on an application for insurance to give rise to an action ex contractu against a life insurance company. This question is fully discussed by our Supreme Court in the case of American Life Ins. Co. v. Nabors, 124 Tex. 221, 76 S.W.2d 497.

■ Under the above authority we find since appellant did not issue the policy and therefore did not deliver one to applicant prior to her death under the provisions set out in the application, there was no contract of insurance completed between the parties. Under the facts in this particular case we do not find that between the dates of July 9, 1938, when appellant received the last report on applicant, and July 11, 1938, there would be a sufficient delay which would become actionable because of negligence in not issuing the policy even if it were the law in this state that such delay could be actionable.

For the reasons stated the judgment of the trial court is reversed, and judgment is here rendered that appellees take nothing by their suit except that judgment is rendered for appellees for the sum of

$122.05, the amount of the premium paid to appellant as aforesaid. Said premium having been tendered to appellees before and after suit was filed, the costs both in the trial court and on appeal are adjudged against appellees.