**Houston PEARSON, Appellant,**

v.

**AMERICAN FIDELITY & CASUALTY COMPANY, Appellee.**

No. 6836.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 16, 1959.

Rehearing Denied March 16, 1959.

Huff & Splawn, Lubbock, for appellant.

Klett, Evans, Trout & Jones, Lubbock, for appellee.

NORTHCUTT, Justice.

We accept appellant's statement of the nature and result of this suit, which is as follows:

"This is an appeal from a judgment sustaining a motion for summary judgment.

"The suit was commenced by American Fidelity and Casualty Company, as plaintiff, against Houston Pearson, as defendant, to recover an alleged overpayment in the claimed sum of $1,000.00, growing out of the following facts: Houston Pearson recovered a judgment against Lubbock Bus Company on May 21, 1954, in Cause No. 21,542, in the 72nd District Court of Lubbock County, Texas, for the sum of $35,400.00, with interest at the rate of six per cent per annum from May 21, 1954. Appellee herein, was the liability insurance carrier for Lubbock Bus Company, and on June 27, 1955, it issued its draft in the sum of $38,-739.31, as full payment of all amounts due on said judgment, including principal and interest.

"Approximately twenty-one months later, or on March 20, 1957, it commenced this suit in the Court below, alleging that it had made a clerical error in its draft and that the correct amount should have been $37,739.31, instead of $38,739.31.

"On January 2, 1958, appellee filed its motion for summary judgment, seeking a return of the claimed overpayment of $1,000.00.

"Appellant answered appellee's motion for summary judgment on January 17, 1958, pointing out the delay of twenty-one months in the filing of suit, and pleading laches and stale demand, and alleging that questions of fact exist as to whether laches and stale demand bar plaintiff's claim.

"The trial court sustained appellee's motion for summary judgment by decree rendered on May 20, 1958, to which judgment Houston Pearson excepted and gave notice of appeal and has perfected his appeal herein."

Appellant presents this appeal upon two points of error as follows:

*"First Point*

"The trial court erred in granting appellee's motion for summary judgment for the reason that the pleadings conclusively show the existence of genuine fact issues in appellant's defense of laches and stale demand.

*"Second Point*

"The trial court erred in granting appellee's motion for summary judgment for the reason that the existence of laches and stale demand is a question of fact to be determined by proof."

It is the contention of appellant that appellee should not recover judgment against him because there is a fact issue to be determined as to laches and/or stale demand. This suit was brought within such time that there is no contention involved as to the statute of limitations. In discussing the facts of the case of Ebert v. Smith, Tex.Civ.App., 146 S.W.2d 432, 435, approved by the Supreme Court, it is stated:

"Nor does it become necessary, under the disputed findings herein adverted to, to determine just when that so-resulting and remaining right became barred in this instance; because, as the trial court perceived, in specifying in effect, in the inquiries to the jury, that it must have contiuued more than four years, that is sufficient. Under the cited authorities the length of time needful to constitute a bar for laches seems to depend upon the circumstances of the particular case, the courts of equity being inclined to ap-

ply the time prescribed by statute for corresponding legal rights or remedies, which in Texas would be the four-year statute referred to."

 . In considering the question of laches and/or stale demand, the facts of each case must be considered. A stale demand or claim is one that has for a long time remained unasserted, one that is first asserted after unexplained delay of such great length as to render it difficult or impossible for the court to ascertain truth of matters in controversy and do justice between the parties, or as to create presumption against existence or validity of claim, or presumption that it has been abandoned or satisfied. Laches is not mere delay in bringing an action, but each delay working disadvantage to another, and operates as estoppel against assertion of a right only when a party, knowing his rights, takes no steps to enforce them until condition of other party has, in good faith, become so changed that he cannot be restored to former state. Culver v. Pickens, 142 Tex. 87, 176 S.W.2d 167.

The former state of this appellant was that he was entitled to receive the $35,400.00 together with six per cent interest from May 21, 1954, until paid. There is no dispute but what appellee, in paying off this judgment on June 27, 1955, paid the appellant $38,739.31. Neither is there any dispute about appellee paying the appellant on June 27, 1955, the sum of $1,000.00 more than he was entitled to under the judgment. Appellant has had the use of the thousand dollars from the date of payment, and we are unable to see where he could be harmed by any delay on the part of appellee in asking him to return what he was never entitled to in the first place. We are unable to see where there is any genuine fact issue involved in this case as to either principle of stale demand or laches. There is no question in this case that the delay in appellee bringing the suit as late as it did that appellant was injuriously affected because of the death of

witnesses by whom the truth of the situation could be proven, or for any other justifiable reason, because the sole issue as to whether the appellant owed the appellee the thousand dollars was determined by the amount the judgment required the appellee to pay, and what amount appellee did pay. We overrule both of appellant's points of error. Judgment of the court below is affirmed.