**AMERICAN CASUALTY & LIFE INSUR-ANCE COMPANY, Appellant,**

v.

**R. W. PARISH, Appellee.**

No. 3948.

Court of Civil Appeals of Texas.

Waco.

March 1, 1962.

John Maxfield, Dallas, for appellant.

Musslewhite & Musslewhite, Lufkin, for appellee.

McDONALD; Chief Justice.

This is a suit by plaintiff Parish against defendant insurance company to recover as beneficiary $2000. allegedly owed under an alleged insurance policy (no policy having ever been delivered) upon the life of plaintiff's deceased wife. Defendant insurance company defended on the ground that no policy of life insurance had been applied for or issued on the life of plaintiff's wife. Trial was to a jury which, in answer to issues, found:

"1) Plaintiff made written application for a $2000. life insurance policy on his wife to defendant insurance company, through O. D. McLeroy on 1 June 1958.

"2) In such application plaintiff requested that he be beneficiary in the policy.

"3) On 1 June 1958 plaintiff paid McLeroy a quarterly premium on such policy.

"4) On 1 June 1958 McLeroy deposited the application with the amount of the quarterly premium due defendant insurance company on said policy in the U. S. mail, addressed to defendant insurance company with sufficient stamps to carry same.

"5) McLeroy was authorized by defendant insurance company to accept said application and payment of premium, and to transmit same to the company.

"6) In or near June 1958, defendant insurance company received the application, and the company's portion of the quarterly premium paid by plaintiff to McLeroy.

"7) Defendant insurance company retained until after the death of plaintiff's wife the quarterly premium remitted to it by McLeroy.

"8) Defendant insurance company failed to notify plaintiff prior to his wife's death that it would not issue the life insurance policy on his wife.

"9) Prior to the death of plaintiff's wife, defendant insurance company issued its policy in the amount of $2,000. on the life of plaintiff's wife, in which plaintiff was named beneficiary.

"10) The policy of life insurance on the life of plaintiff's wife, as applied for by plaintiff was forwarded by defendant insurance company to O. D. McLeroy for delivery to plaintiff.

"11) On 1 June 1958 McLeroy represented to plaintiff that he, McLeroy, would include in 2 post-dated checks which plaintiff had theretofore signed in blank and delivered to McLeroy, the balance of the amount of the first annual premium due on the life insurance policy on plaintiff's wife.

"12) McLeroy had authority from defendant insurance company to include the balance of said annual premium in said post-dated checks.

"13) Defendant insurance company conducted its business in such a manner that plaintiff, as a prudent man, would reasonably suppose McLeroy to

have authority to include the balance of the first year's premium on the life policy in the two post-dated checks theretofore signed in blank by plaintiff.

"14) Plaintiff relied on the representations of McLeroy that the balance of the annual premium on the life policy on his wife would be included in the two post-dated checks which plaintiff had theretofore signed and delivered to McLeroy.

"15) The two post-dated checks, signed and delivered by plaintiff to McLeroy, as finally cashed by defendant insurance company, were in a sufficient amount to equal or exceed the balance of the first year's premium due on the life insurance policy on his wife, as applied for by plaintiff."

The Trial Court entered judgment on the verdict for plaintiff for $2000. (plus $600. attorneys' fees). Motion for New Trial was overruled after granting remittitur of $65. (representing a second annual premium on the policy).

Defendant appeals, contending:

"1) The Trial Court should not have allowed plaintiff to file Trial Amendment pleading new matters after both parties had rested and closed and over objection of defendant.

"2) The Trial Court should not have granted the remittitur offered by plaintiff, such remittitur not being sufficient to correct the error of the court in rendering an erroneous and excessive judgment.

"3) The Trial Court should have submitted an issue inquiring if plaintiff 'failed to act in a reasonable time in notifying defendant insurance company that he had not received the policy.'

"4) Plaintiff's counsel was guilty of asking improper, inflammatory and prejudicial questions to defendant's soliciting agent.

"5) The verdict is not supported by the evidence and/or is contrary to the evidence."

We revert to defendant's 1st contention that the Trial Court erred in allowing plaintiff to file trial amendment pleading new matters after both parties had rested and closed, over objection of defendant.

The Trial Amendment complained of, alleged that McLeroy had promised to include the balance of the first year's insurance premium in the amounts of post-dated checks which plaintiff had theretofore signed in blank and given him for hospitalization insurance. The record affirmatively reflects that such Trial Amendment was filed at 11:30 A. M., October 19, 1960, prior to the time that plaintiff rested, and prior to the time defendant put on his case. Defendant did not make a motion for continuance or delay based on the Trial Amendment, or assert that it was in manner surprised or prejudiced thereby. The Trial Amendment alleged no matters which had not been testified to. Moreover, defendant took no bill of exception to plaintiff's filing the Trial Amendment, and the record fails to disclose that defendant ever objected to its filing. Certainly defendant showed no surprise or prejudice.

██ The matter of permitting a trial amendment is in the sound discretion of the Trial Court, and his order will not be disturbed, absent a clear abuse of his discretion. Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605; Rule 66, Texas Rules of Civil Procedure. A trial court does not abuse its discretion in permitting the filing of a trial amendment where the opposite party does not ask for a postponement upon its filing. Henslee v. First Nat. Bank, CCA (n. w. h.) 314 S.W.2d 881; Lone Star Steel Co. v. Owens, CCA (n. r. e.) 302 S.W. 2d 213. The contention is overruled.

██ Defendant's 2nd contention complains of the action of the Trial Court in permitting plaintiff to file a remittitur of $65.00. The record reflected that the pre-

mium on the policy on plaintiff's wife was paid for 1 year; that plaintiff's wife died during the 30 day grace period following the first year. Under all the evidence, the annual premium was less than $65.00. The plaintiff filed remittitur of $65.00 to pay the 2nd annual premium on the policy. The policy was in force during the grace period, and defendant was entitled to some premium for the time subsequent to the first year. Plaintiff tendered more than necessary, but defendant cannot complain of this. The contention is overruled.

■ Defendant's 3rd contention is that it was entitled to the submission of an issue as to whether plaintiff failed to act in a reasonable time in notifying the defendant insurance company that he had not received the policy. Defendant's point amounts to a contention that plaintiff's claim is barred by "laches". Defendant did not allege any "change in conditions or circumstances" which would give rise to an estoppel.

■ Laches is not mere delay in bringing an action, but such delay working disadvantage to another, and operates as an estoppel against the party knowing his rights, and who takes no steps to enforce them until the condition of the other party has become so changed that he cannot be restored to his former state. Pearson v. American Fidelity & Casualty Co., CCA, 321 S.W.2d 620; Culver v. Pickens, 142 Tex. 87, 176 S.W.2d 167.

There was no delay here beyond the statutory limitation period, and defendant has not plead or proven any element which might give rise to an estoppel. There was no error in the Trial Court's refusal to submit the requested issue. The contention is overruled.

■ Defendant's 4th contention is that plaintiff's counsel asked defendant's soliciting agent, O. D. McLeroy "if he didn't know the company had a very poor rating." The defendant made a motion for a mistrial, which the Trial Court overruled, but instructed the jury that they should not consider the question for any purpose whatsoever. There is no showing that the question in any manner prejudiced defendant; no showing that any juror was influenced by the question; no examination of jurors on motion for new trial. We think the error harmless under Rule 434 TRCP. The contention is overruled.

■ Defendant's final contention is that the verdict is supported by no evidence, or insufficient evidence. The record reflects that plaintiff told agent McLeroy that he wanted a $2000 life insurance policy on his wife; that McLeroy took the application for same and that plaintiff paid McLeroy the premiums for the 1st year. There is evidence that McLeroy sent the application to the company, although the company denies having received it. Plaintiff never received the policy. We think that finding 9), that the company issued the policy; and finding 10) that such policy was forwarded to agent McLeroy for delivery to plaintiff are against the great weight and preponderance of the evidence.

■■ The application is a mere offer to make a contract of insurance, and must be accepted before a binding contract of insurance is made. American Life Ins. Co. v. Nabors, 124 Tex. 221, 76 S.W.2d 497; Smith v. Rio Grande Nat. Life Ins. Co., CCA, Er. Ref., 227 S.W.2d 579; Snow v. Gibraltar Life Ins. Co., CCA, n. r. e., 326 S.W.2d 501. There was no showing of an acceptance of plaintiff's application. Moreover, the terms of the application itself are not in evidence. If such application be in the form and provisions of other applications from plaintiff to defendant company (for other insurance appearing in the record), then such application provides that there be no liability until delivery of the policy to the assured. This would be a part of the contract and is a valid provision. Smith v. Rio Grande Nat. Life Ins. Co., supra; South Western Life Ins. Co. v. Evans, CCA, Er. Ref., 262 S.W.2d 512.

The judgment of the Trial Court is reversed and remanded.