**WESTERN ALLIANCE INSURANCE COMPANY et al., Appellants,**

v.

**C. E. CHILDS, Jr., d/b/a Childs Insurance Agency, Appellee.**

No. 4032.

Court of Civil Appeals of Texas.

Waco.

July 26, 1962.

Rehearing Denied Aug. 9, 1962.

William G. Washington, Austin, for appellants.

Hugh D. Reed, Jr., Fairfield, for appellee.

McDONALD, Chief Justice.

This is a suit by C. E. Childs Insurance Agency against defendant Insurance Company on a "binder," insuring a trailer against loss by fire for $1700. Childs was local recording agent for defendant, and issued the binder to Raymond McDonald on his trailer. The trailer was destroyed by fire; defendant Insurance Company denied liability; Childs paid McDonald the $1700.; took an assignment; and instituted the instant case.

Trial was to the court without a jury which, after hearing, entered judgment for plaintiff for $1681.30.

The trial court on request of the defendant Insurance Company filed Findings of Fact and Conclusions of Law, pertinent of which are summarized as follows:

FINDINGS OF FACT

1. On 25 May 1960, Raymond McDonald contacted plaintiff in regard to insuring a 1957 M System 40 foot trailer,

Serial No. M40924 in the amount of $1700. At this time plaintiff was local agent for defendant Insurance Company, and acting on the request of McDonald, insured the trailer against loss by fire for $1700. with defendant Insurance Company. Plaintiff sent defendant a "binder", which was received and kept by defendant. On 27 July 1960 defendant wrote plaintiff requesting the status of the binder. Plaintiff did not reply to this request.

2. The trailer was destroyed by fire on 17 October 1960. Plaintiff notified defendant of this loss, and defendant denied liability and refused to pay said loss. Plaintiff paid said loss in the sum of $1700. to McDonald.

3. At the time of the loss defendant Insurance Company still had the binder, and had never returned same to plaintiff or requested any additional information.

4. McDonald assigned to plaintiff all claims he had against defendant Insurance Company by reason of the destruction of the insured trailer.

## CONCLUSIONS OF LAW

1. Plaintiff was authorized to write this insurance for defendant Insurance Company and to send defendant the binder.

2. Defendant Insurance Company accepted and retained the binder without restriction or limitation, although it did not have to do so.

3. Defendant became liable for the loss.

4. Plaintiff having paid the claim to McDonald, and having taken an assignment, is entitled to recover from defendant the amount thereof.

Defendant appeals, contending: 1) There is no evidence, or insufficient evidence to support the Trial Court's Findings of Fact 1 and 2; 2) The Trial Court erred in admitting in evidence plaintiff's Exhibit 9 (the assignment by McDonald of his claim to plaintiff), and in permitting plaintiff to file its Trial Amendment pleading such assignment of claim.

■■ Our review of the record reflects there is ample evidence to sustain the Trial Court's Findings of Fact 1 and 2. C. E. Childs testified to such facts and stated that he personally saw the trailer burning, and that it was the same trailer upon which he issued the binder. The documentary evidence likewise supports same. Defendant contends that the binder did not give the serial number and description of the trailer. The description given was an M System 40 foot trailer. Such description is adequate to identify the trailer insured.

The record reflects that plaintiff bound the defendant for fire coverage on the trailer; that defendant received the binder; that the trailer was destroyed by fire; that defendant refused to pay McDonald the loss; that plaintiff paid the loss; took an assignment and brought the instant case. See: Pacific Fire Ins. Co. v. Donald, 148 Tex. 277, 224 S.W.2d 204; Pan Am. Ins. Co. v. Santos, Tex.Civ.App. (n. r. e.), 295 S. W.2d 254.

Defendant contends that plaintiff did not plead the assignment of the claim from McDonald, and was therefore not entitled to introduce same. Plaintiff plead same by Trial Amendment, which was permitted to be filed by the Trial Court. Defendant likewise complains of this action on the part of the Trial Court.

■■■ Defendant did not make a motion for continuance or delay based on the Trial Amendment, or assert that it was in any manner surprised or prejudiced thereby. The matter of permitting a trial amendment is in the sound discretion of the Trial Court, and his order will not be disturbed, absent a clear abuse of discretion. Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605; Rule 66, Texas RCP. A trial court does not abuse its discretion in permitting the filing of a trial amendment where the opposite party does not ask for a postponement upon its filing. Henslee v. 1st Nat. Bank, Tex.

**312**

Civ.App. (n. r. e.) 314 S.W.2d 881; Lone Star Steel Co. v. Owens, Tex.Civ.App. (n. r. e.) 302 S.W.2d 213; American Cas. & Life Ins. Co. v. Parish, Tex.Civ.App. (n. w. h.), 355 S.W.2d 781.

We think the Trial Amendment was properly filed; that the assignment was properly admitted into evidence. In any event plaintiff has shown no prejudice. See Rule 434, T.R.C.P.

All of defendant's contentions are overruled and the judgment of the Trial Court is affirmed.