SOUTHWESTERN BELL TELEPHONE COMPANY, Petitioner,

v.

JOHN CARLO TEXAS, INC., Respondent.

No. D–1404.

Supreme Court of Texas.

Dec. 9, 1992.

Rehearing Overruled Feb. 3, 1993.

---

1. *Delaney v. University of Houston*, 835 S.W.2d 56, 61 (Tex.1992) (Doggett, J., concurring).

2. *Greathouse v. Charter National Bank Southwest*, 35 Tex.Sup.Ct.J. 1017, 1020 (July 1, 1992,

motion for rehearing pending) (Doggett, J., concurring); *Schick v. Wm. H. McGee & Co.*, 843 S.W.2d 473 (Tex.1992) (Doggett, J., concurring opinion on order granting motion to dismiss).

Richard P. Keeton, Ronald E. Cook, Solace H. Kirkland, James M. Shatto, John W. Kelly, Jr., Houston, for petitioner.

Donna K. Gray, H. Victor Thomas, Houston, for respondent.

## OPINION

HECHT, Justice.

The only issues we address in this case concern the trial court's charge to the jury on intentional interference with contract.

The City of Houston notified Southwestern Bell Telephone Company in January 1984 that it intended to widen Fountainview Drive between Westheimer and Highway 59. A City Ordinance provided:

> The telephone company shall, upon the written request of the City, relocate its facilities situated within any street at no expense to the City where reasonable and necessary to accommodate street widening or improvement projects of the City.

Before contracting for the proposed work, the City inquired when Bell's facilities (consisting of aerial cables, poles, and buried cables) could be moved to accommodate the project. Bell informed the City that it could relocate its facilities by the end of December. Several weeks later, on March 23, the City signed a contract with John Carlo Texas, Inc. for the street widening project. The contract required commencement of the project in April and completion within 210 working days. Bell relocated its aerial poles in phases, completing the work in April 1985. Carlo finished the project four months later. The City did not complain that Bell failed to comply with the Ordinance, and also did not assess contractual liquidated damages against Carlo for failing to complete the project on time. However, Carlo claims to have been damaged by Bell's failure to move its facilities in a timely manner. Carlo sued the City for breach of their contract and Bell for intentional interference with that contract.

The jury failed to find that the City breached its contract with John Carlo with respect to the relocation of Bell's facilities, and the trial court rendered judgment on the verdict in favor of the City. The jury did find, however, "that Bell knowingly and intentionally failed, without justification to

timely relocate its facilities", and that this failure proximately caused Carlo $171,155.80 actual damages. The jury also assessed $500,000 punitive damages against Bell. The trial court rendered judgment for Carlo against Bell for the damages found by the jury. Carlo did not appeal the judgment in favor of the City. The court of appeals affirmed the award of actual damages but reversed the award of punitive damages. 813 S.W.2d 613. Bell and Carlo both appeal.

■ Interference with contract is tortious only if it is intentional. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 939 (Tex.1991); *Juliette Fowler Homes v. Welch Assoc., Inc.*, 793 S.W.2d 660, 664 (Tex.1990); *Clements v. Withers*, 437 S.W.2d 818, 822 (Tex.1969); *see* RESTATEMENT (SECOND) OF TORTS §§ 766–766C (1965). The jury in this case was not asked to find, and did not find, that Bell intentionally interfered with Carlo's contract with the City; it found only that Bell intentionally failed to timely relocate its facilities. The court of appeals concluded that it may have been clearer to inquire of the jury whether there was an intentional interference with contract, but that it was sufficient to ask whether there was an intentional failure to take action which Carlo claimed resulted in interference. 813 S.W.2d at 619. The deficit in the jury charge is not merely a matter of clarity. There can be no doubt that Bell's relocation of its facilities when it did was intentional; it certainly was not accidental. It does not follow, however, from Bell's deliberate relocation of its facilities that it intended to interfere with Carlo's contract. The court of appeals correctly stated that intentional interference does not require intent to injure, only that " 'the actor desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to result from it.' " 813 S.W.2d at 619 (citing RESTATEMENT (SECOND) OF TORTS § 8A (1965)). But it is precisely this requirement on which there is no finding in this case: that is, the jury did not find that Bell desired to interfere with Carlo's contract or believed that interference was substantially certain to result from its

actions. Thus, the jury findings do not support a judgment against Bell.

■ Moreover, the trial court improperly refused Bell's request to define "justification" for the jury. "Interference with contractual relations is privileged where it results from the exercise of a party's own rights or where the party possesses an equal or superior interest to that of the plaintiff in the subject matter." *Black Lake Pipe Line Co. v. Union Constr. Co.*, 538 S.W.2d 80, 91 (Tex.1976); *accord Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 939 (Tex.1991); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 691 (Tex.1989). Bell's requested instruction tracked this language. Although it should have included that the exercise of one's own rights must be bona fide, as stated in *Victoria Bank* and *Sterner*, the request was substantially correct. The court of appeals correctly concluded that the trial court erred in refusing to define "justification" for the jury, but held the error harmless. We disagree. Virtually the entire factual dispute between the parties has been over whether Bell's conduct was justified. To ask the jury to resolve this dispute without a proper legal definition to the essential legal issue was reversible error. The trial court also erred in placing the burden of proof on justification on Carlo instead of Bell.

Carlo and Bell raise several other issues which we do not address. Our action should not, of course, be taken for approval of the court of appeals' disposition of such issues. The judgment of the court of appeals is reversed, and the case is remanded to the trial court for a new trial. The trial court's judgment as to the City remains final and undisturbed.

MAUZY and DOGGETT, JJ., concur in the Court's judgment but not in its opinion.