[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant International Theme Park Services, Inc., ("ITP") was sued in Texas for, inter alia, tortious interference with a contractual relationship. Plaintiff-appellee State Automobile Mutual Insurance Company ("SAM") insured ITP under a commercial general liability policy. SAM filed a complaint for a declaratory judgment, requesting that the trial court declare that it had no duty to provide a defense or coverage for ITP in the Texas lawsuit. SAM then filed a motion for summary judgment, which the trial court granted. In its entry granting summary judgment, the trial court declared the rights, duties and liabilities of the parties under the insurance contract. ITP has appealed.
 {¶ 3} ITP's sole assignment of error, which alleges that the trial court erred in granting SAM's motion for summary judgment, is overruled.
 {¶ 4} The insurance policy provided coverage for damages caused by an "occurrence," which was defined as an accident. The policy specifically excluded coverage for "expected or intended injury."
 {¶ 5} The Texas complaint alleged that ITP's actions were intentional and were committed with knowledge of an existing contract. Under Texas law, tortious interference with contractual relations requires "willful and intentional" interference. See Prudential Ins. Co.of Am. v. Financial Review Servs., Inc. (2000), 29 S.W.3d 74; PowellIndustries, Inc. v. Allen (1998), 985 S.W.2d 455; Southwestern Bell Tel.Co. v. John Carlo Texas, Inc. (1992), 843 S.W.2d 470. The cases cited by ITP do not stand for the proposition that negligent conduct is sufficient to support an action for intentional interference with contractual relations under Texas law.
 {¶ 6} The allegations in the Texas lawsuit involved intentional acts. Damages resulting from intentional acts are "expected and intended." Therefore, they were not covered by the insurance policy.
 {¶ 7} SAM was not responsible for providing ITP a defense in the Texas lawsuit or for indemnifying ITP for any damages awarded in the Texas action.
 {¶ 8} Therefore, the judgment of the trial court is affirmed.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Painter, JJ.