IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-50768
Summary Calendar

KENNETH LEWALLEN

Plaintiff–Appellant

CONMED CORPORATION

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas, San Antonio
No. 5:06-CV-286

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Kenneth Lewallen appeals the district court's summary judgment for defendant-appellee ConMed Corporation on his tortious interference with employment relations claim. For the following reasons, we AFFIRM the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2005, Kenneth Lewallen was hired by ConMed Corporation ("ConMed"), a medical supply company, as a full-time territory sales manager for the Austin, Texas area. Unbeknownst to ConMed, Lewallen had been working full time as a sales representative for Molnlycke Health Care, Inc. ("Molnlycke"), selling medical supplies in Austin, Texas, since September 2003. While both companies' employee handbooks permit some outside employment, they both prohibit any outside employment that presents an actual or apparent conflict of interest unless it is disclosed and approved by the respective company. As Lewallen was employed and expected to work full time for two medical supply companies in the same territory, by the definitions in the companies' policies, there was at least an apparent conflict, yet Lewallen failed to disclose or seek approval for his dual employment from either company.

In early November 2005, David Thomas, ConMed's Area Director for the Southwest Region and Lewallen's supervisor, suspected that Lewallen was engaged in outside employment. Thomas called Molnlycke's Human Resources ("HR") Department attempting to confirm or refute his suspicions, but the voicemail he left was never returned. Subsequently, Thomas called Molnlycke's Customer Service Department and asked for the sales representative in Austin, Texas. He was put through to a voicemail that identified Lewallen as the Austin sales representative for Molnlycke. But, because the voicemail may not have been updated since Lewallen recently joined ConMed, and Thomas had not confirmed his suspicions with an authoritative source, he called Molnlycke's Customer Service Department a second time and asked for the Austin area manager. Thomas was given David Baker's name and phone number. Thomas called Baker to determine for certain whether Lewallen was then still employed by Molnlycke. When Baker told Thomas that Lewallen was so employed, Thomas attempted to end the phone call by thanking Baker and saying goodbye.

2

However, Baker stopped Thomas by saying, "Whoa, whoa, whoa. Wait a minute. Why are you asking me that?" Thomas replied that he "had just hired a Kenneth Lewallen to work for ConMed in Austin, Texas."

At a later date, Baker contacted Thomas as part of Molnlycke's own investigation into Lewallen's conduct. Baker asked Thomas to confirm Lewallen's employment dates and duties at ConMed. Both Thomas and Baker attest that at no point did Thomas suggest, direct, or encourage Baker or anyone else at Molnlycke to terminate Lewallen. After Thomas consulted with ConMed's HR Department about Lewallen's dual employment, ConMed terminated Lewallen on November 10, 2005. Bruce Osterhaus, Molnlycke's HR Manager, informed Lewallen he was terminated on November 18, 2005, for cause. Prior to being terminated, Lewallen admitted that his dual employment was poor judgment and recognized that it might have jeopardized his employment status with Molnlycke.

On May 7, 2006, Lewallen filed suit against ConMed in Texas state court for tortious interference with his Molnlycke employment contract. ConMed removed the case to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. Lewallen attempted to join a non-diverse defendant in an attempt to defeat diversity jurisdiction and moved to remand the case to state court. The district court denied the motion to remand, and after discovery, ConMed filed for summary judgment on April 12, 2007. Failing to comply with the requirements of Western District of Texas Local Rule CV-7(d), Lewallen filed his response six days late. Consequently, the district court considered ConMed's proffered summary judgment evidence as undisputed, and after weighing that evidence and determining that ConMed made a prima facie showing that Lewallen could not show three of the four elements of his claim, granted summary judgment for ConMed on May 21, 2007. After Lewallen's motions to reconsider were denied, this timely appeal followed.

## II. STANDARD OF REVIEW

We review a district court's order granting summary judgment de novo, applying the same legal standards that the district court applied to determine whether summary judgment was appropriate. Harvill v. Westward Commc'ns, L.L.C., 433 F.3d 428, 433-34 (5th Cir. 2005). Summary judgment is proper when the pleadings, discovery responses, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether there is a genuine issue of material fact, we must view all evidence in the light most favorable to the non-moving party. Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir. 2001). Nevertheless, we have made clear that "unsubstantiated assertions are not competent summary judgment evidence . . . . In response to motions for summary judgment, it is . . . incumbent upon the non-moving party to present evidence—not just conjecture and speculation—" to support each element of the claim. Grimes v. Tex. Dep't of Mental Health & Mental Retardation, 102 F.3d 137, 139-40 (5th Cir. 1996).

## III. DISCUSSION

On appeal, Lewallen argues that the district court should have considered options short of dismissal for failure to file a timely response under Western District of Texas Local Rule CV-7(d). ConMed argues that the district court did not automatically dismiss Lewallen's claim for failure to file a timely response. Rather, the district court weighed the evidence properly before it and determined, based on that evidence, that ConMed should prevail on summary judgment. Because we conclude that Lewallen cannot make a prima facie case of tortious interference with an employment contract even in light of the

evidence he proffered in support of his response to ConMed's motion, we decline to address the local rule issue.

In order to prevail on a claim for tortious interference with an employment contract, a plaintiff must prove: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was the proximate cause of plaintiff's damages; and (4) actual damage or loss. Texas Beef Cattle Co. v. Green, 921 S.W.2d 203, 210 (Tex. 1996).

The district court granted summary judgment for ConMed in part because there was no evidence to support the second element of Lewallen's claim. Viewing all the evidence before this court in the light most favorable to Lewallen, we agree. "Interference with contract is tortious only if it is intentional." Sw. Bell Tel. Co., v. John Carlo Tex., Inc., 843 S.W.2d 470, 472 (Tex. 1992). Under Texas law, while "intentional interference does not require intent to injure," it does require that "the actor desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to result from it." Id. (citing RESTATEMENT (SECOND) OF TORTS § 8A (1965)) (internal citations and quotation marks omitted). In a comment to § 8A, the Restatement explains further:

> If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. As the probability that the consequences will follow decreases, and becomes less than substantial certainty, the actor's conduct loses the character of intent, and becomes mere recklessness . . . . As the probability decreases further, and amounts only to a risk that the result will follow, it becomes ordinary negligence.

RESTATEMENT (SECOND) OF TORTS § 8A cmt. b.

The summary judgment evidence in this case, even viewed in a light most favorable to Lewallen, shows, at most, negligent interference. No fact-finder

could reasonably infer intent to tortiously interfere with Lewallen's contract with Molnlycke from the phone calls between Thomas and Molnlycke personnel or Baker. The only reasonable conclusion based on the deposition testimony of both Thomas and Baker is that the calls were intended only to refute or confirm Lewallen's employment status from an authoritative source. Also, when asked in his deposition what consequences Thomas could foresee of calling an applicant's present employer for a reference, although the applicant asked the prospective employer not to call, Thomas replied that the applicant's losing his present job "could be a possibility." Further, both Thomas and Baker attest that Thomas never suggested, directed, or encouraged Baker or anyone else at Molnlycke to terminate Lewallen. This evidence does not approach a showing of "a willful and intentional act of interference with the contract." Sw. Bell Tel. Co., 843 S.W.2d at 472. A "possibility" is far from a "substantial certainty." Thus, summary judgment was properly entered in favor of ConMed.

Since we conclude that ConMed proved that Lewallen could not meet all the elements of his claim, we decline to decide whether ConMed's actions would have been justified nonetheless.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment. Costs shall be borne by Lewallen.